**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter James Little,<br><br>           Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>           Respondents. | No. CV-06-2591-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondent's answer (doc. 12), and petitioner's reply (doc. 18). We also have before us the report and recommendation of the United States magistrate judge (doc. 29), and petitioner's objections (doc. 33).

Petitioner was convicted of first degree felony murder and armed robbery and was sentenced to natural life in prison, plus a concurrent term of 21 years for armed robbery. On January 18, 2005, he filed a timely petition for post-conviction relief, asserting only one claim–that the State did not properly notify him of aggravating factors at sentencing. This petition was denied. He filed a second notice of post-conviction relief on April 5, 2006, alleging ineffective assistance of counsel, which was summarily dismissed as untimely under Rules 32.4 and 32.2(b), Ariz. R. Crim. P.

1    Petitioner now presents eight claims for relief in his petition for writ of habeas corpus: 2 (1) his conviction was obtained in violation of the anti-shuttling provisions of the Interstate 3 Agreement on Detainers Act ("IAD"), A.R.S. § 31-481; 18 U.S.C. App. 2; (2) his conviction 4 was obtained in violation of the speedy trial provisions of the IAD; (3) the jury instruction 5 on reasonable doubt violated the Fourteenth Amendment because it failed to track the 6 language mandated by State v. Portillo, 182 Ariz. 592, 898 P.2d 970 (1995); (4) the jury 7 instruction on flight violated the Fourteenth Amendment; (5) trial counsel, appellate counsel, 8 and post-conviction counsel were ineffective; (6) several witnesses gave false testimony; (7) 9 the State failed to present several material witnesses; and (8) his conviction and the 10 prosecution's opening and closing arguments were not supported by the evidence.

11    In ground one, petitioner claims that his conviction was obtained in violation of the 12 anti-shuttling provisions of the IAD. We agree with the magistrate judge's conclusion that, 13 although petitioner has properly exhausted the anti-shuttling claim, it is not cognizable on 14 federal habeas review because he failed to establish that the error is "a fundamental defect 15 which inherently results in a complete miscarriage of justice." Davis v. United States, 417 16 U.S. 333, 346, 94 S. Ct. 2298, 2305 (1974); see also Carlson v. Hong, 707 F.2d 367, 368 (9th 17 Cir. 1983) (holding that habeas relief is not available for violations of IAD, Article IV(e), 18 which is substantially similar to Article III(d)).

19    The magistrate judge also properly determined that grounds two through eight are 20 procedurally defaulted and barred from federal habeas review. We adopt the magistrate 21 judge's conclusion that petitioner has failed to establish cause and prejudice for the failure 22 to exhaust state remedies. Petitioner's pro se status and ignorance of the law do not satisfy 23 the cause standard. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th 24 Cir. 1986). His claim that he was denied access to legal materials also fails because he did 25 not establish that a lack of access prevented him from asserting his claims. See Thomas v. 26 Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Finally, we agree with the magistrate judge's 27 rejection of petitioner's argument that cause is established because the ineffective assistance 28 of his appellate and post-conviction counsel prevented him from exhausting his claims.

1  There is no constitutional right to post-conviction counsel, and petitioner failed to establish
2  that his appellate counsel's assistance was so ineffective that it fell below constitutional
3  standards.  Petitioner presents no legitimate cause for failing to exhaust his state remedies,
4  and the magistrate judge properly declined to address the prejudice prong.

5  Finally, we adopt the magistrate judge's conclusion that petitioner failed to establish
6  that his claims will result in a "fundamental miscarriage of justice," in that "a constitutional
7  violation has probably resulted in the conviction of one who is actually innocent." Schlup
8  v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995).  Petitioner has failed to show with
9  new evidence that "it is more likely than not that no reasonable juror would have found [him]
10 guilty beyond a reasonable doubt." Id.

11 After a careful *de novo* review of each of the magistrate judge's recommendations,
12 as well as petitioner's overly long objections, we agree with the magistrate judge's
13 conclusions that petitioner's claims are either without merit or procedurally barred, and that
14 petitioner has failed to establish cause and prejudice or a fundamental miscarriage of justice.
15 Accordingly, pursuant to Rule 8(b), Rules Governing § 2254 Cases, we accept the
16 recommended decision of the magistrate judge.

17 **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).
18 DATED this 19th day of May, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge