**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter James Little, | No. CV 06-02591-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

The court has before it petitioner's Motion for relief from judgment (Doc. 45), respondents' Response (Doc. 53), petitioner's Reply (Doc. 57), the Report and Recommendation (Doc. 58), petitioner's Objections (Doc. 62) and respondents' Response (Doc. 64).

On May 19, 2008, some 10 years ago, we denied petitioner's habeas petition under 28 U.S.C. §2254 (Doc. 34) and judgment was entered (Doc. 35). We now have before us petitioner's Motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. (Doc. 45). In reliance on *Martinez v. Ryan,* 566 U.S. 1, 132 S.Ct. 1309 (2012), petitioner contends that his claim of ineffective assistance of trial counsel is no longer procedurally defaulted because *Martinez* allows the ineffective assistance of post conviction counsel to establish cause to excuse that default.

Relief from a judgment under Rule 60(b)(6) must be sought "within a reasonable time." Rule 60(c)(1). Petitioner filed his motion just short of 6 years after *Martinez* was

decided. The Magistrate Judge concluded that *Martinez* does not apply to any of petitioner's claims other than ineffective assistance of trial counsel; that Rule 60(b) has some application to habeas cases; that the motion here is not a successive habeas petition; that petitioner lacked diligence by failing to file his motion until nearly 6 years after *Martinez* was decided and 3 years after petitioner claims he learned of the existence of *Martinez;* that the more than 8 year delay between the finality of this court's judgment and the filing of the motion is substantial; and that despite other factors favorable to petitioner, his lack of diligence and the extraordinary delay in this case are such that it cannot be said that the motion was brought "within a reasonable time" as required by Rule 60(c)(1). The Magistrate Judge recommended that we deny relief.

Petitioner objects to the R & R's conclusions on diligence, delay and the weighing of relevant factors. He contends he was diligent because he chose to go back to state court after he learned of *Martinez,* but as the Magistrate Judge noted, *Martinez* would only be relevant to relief from this court's judgment. Petitioner tries mightily to suggest that an 8 to 9 year interval is not delay, but none of the suggestions has merit. He contends that the weighing was erroneous, but this ignores the fact that the primary consideration under Rule 60(c)(1) is one of timing and reasonableness. We agree with the Magistrate Judge that the motion here was not filed "within a reasonable time," and that there is no extraordinary circumstance that would justify destroying the finality of this court's judgment. After *de novo* review under Rule 72(b)(3), Fed. R. Civ. P., we accept the recommended disposition of the Magistrate Judge. (Doc. 58).

It is therefore **ORDERED DENYING** petitioner's Motion for relief from judgment. (Doc. 45).

///

///

///

///

The denial of a motion under Rule 60(b) is a final, appealable order. Thus no certificate of appealability is required to appeal from this court's order. Nevertheless, to avoid any question, it is further **ORDERED GRANTING** a certificate of appealability.

DATED this 11th day of May, 2018.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge